IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

WILLIAM WEBB,

                Plaintiff,

    v.                                          Civil Action No.
                                                  3:16-CV-0338 (DEP)

NANCY A. BERRYHILL,[1] Acting Commissioner
of Social Security,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| LACHMAN, GORTON LAW FIRM<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, New York 13761-0089 | PETER A. GORTON, ESQ. |
| FOR DEFENDANT: | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney for the<br>Northern District of New York<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | PRASHANT TAMASKAR, ESQ.<br>Special Assistant U.S. Attorney |

---

[1]     Carolyn Colvin, the former Acting Commissioner of Security who was named as the defendant in plaintiff's complaint, was recently replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn Colvin was sued only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn Colvin as the named defendant. *See* Fed. R. Civ. 25(d).

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral argument was conducted in connection with those motions on February 24, 2017 during a telephone conference, held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, with a directed finding of disability, for the purpose of calculating benefits owing to the plaintiff.

4) The clerk is directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: February 28, 2017
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
WILLIAM WEBB,

                              Plaintiff,

vs.                           3:16-CV-338

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                              Defendant.

-------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on February 24, 2017, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LACHMAN, GORTON LAW FIRM<br>Attorneys at Law<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, New York  13761-0089.<br>  BY:  PETER A. GORTON, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York  10278<br>  BY:  PRASHANT TAMASKAR, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1                    (In Chambers, Counsel Present by Telephone.)

2              THE COURT: All right. Thank you both for

3    excellent and spirited presentations.

4              I have before me a request for judicial review of

5    an adverse determination by the Commissioner under 42 United

6    States Code Sections 405(g) and 1383(c)(3).

7              The background is as follows: Plaintiff was born

8    in October of 1983 and is currently 30 -- 33 years old?

9    Let's see. October, so he is, yes, 43 years old -- sorry,

10   no, 33. He was born -- he is 5-foot-9 and 180 pounds. He

11   has an eighth-grade education, he dropped out in ninth grade.

12   He was in regular education courses while at school, he's not

13   achieved a GED. He's right-hand dominant and does not drive.

14   Plaintiff has a history of alcohol abuse but has not consumed

15   alcohol since 2008 when he was hospitalized for alcohol

16   poisoning, that's at 321. Plaintiff has some modest criminal

17   history, a drug conviction of 2004.

18             Plaintiff has never worked on a full-time basis.

19   He's quit several jobs, allegedly due to anxiety. He was a

20   barber at one point. He last worked in 2005 as a furniture

21   driver helper, that's at 236. He quit as a barber due to

22   seizures.

23             His primary care physician is Dr. Aranda. He also

24   has seen several others for his seizure issues. As counsel

25   correctly noted, he -- there is a chronicled history of both

1  petit and grand mal seizures with tongue biting.  He
2  underwent some testing which confirmed the presence of the
3  seizures.  In 2008 he suffered a seizure, nearly drowned and
4  had to be pulled out of the river by a friend, that's at 303,
5  305 and 46.  Dr. Aranda at several points including the point
6  in time that I listed, April of 2014, has characterized these
7  seizures as poorly controlled, also at -- not well controlled
8  in 2015, that's at 1107 and 1117.
9  　　　　　The plaintiff underwent EEG testing in April of
10 2008, showed irregularities.  In February of 2011 went to the
11 emergency room with a grand mal seizure, that's at 629, and
12 in June of 2011, again went to the emergency room with
13 seizures, that's at 673.  He's been diagnosed by some as
14 having anxiety and/or panic disorder with or without
15 agoraphobia and also on occasion been diagnosed as having
16 major depressive disorder.  There is at least a suspicion of
17 a link between the mental condition and his seizure disorder
18 including at 1158.
19 　　　　　In terms of daily activities, he plays video games,
20 watches television.  He does not, however, like crowds.
21 　　　　　This case has had a tortured procedural history.
22 The application for benefits was first made in
23 September 2008, alleging an onset date of January 1, 2006.  A
24 hearing was conducted by Administrative Law Judge Marie
25 Greener on March 23, 2010.  ALJ Greener issued an unfavorable

1   decision on April 29, 2010, and the Social Security
2   Administration Appeals Council denied plaintiff's request for
3   review on December 17, 2010.  The matter -- an action was
4   commenced on January 26, 2011 in this court seeking judicial
5   review.  The matter was remanded once an appeal at the Second
6   Circuit was perfected or it was filed, on consent, and the
7   matter was remanded on March 14, 2013.  The Social Security
8   Administration Appeals Council then issued a decision on
9   July 30, 2013, implementing the remand back to an ALJ.
10           ALJ Greener conducted a second hearing on April 17,
11  2014.  She issued a decision, again unfavorable, on
12  August 18, 2014.  A second action was commenced in this court
13  on October 21, 2014 by the plaintiff seeking judicial review.
14  Again, the matter was remanded on consent on June 3, 2015.
15  On June 11, 2015, the Appeals Council issued an order
16  remanding the matter and directing that it be reassigned to a
17  new administrative law judge.
18           On December 22, 2015 a supplemental hearing was
19  conducted by Administrative Law Judge John P Ramos.  On
20  January 14, 2016, ALJ Ramos issued a decision, again
21  unfavorable.
22           In his decision, Administrative Law Judge Ramos
23  applied the now familiar five-step test for determining
24  disability, concluding that plaintiff had not engaged in
25  substantial gainful activity since September 19, 2008; at

1  step 2, concluded that the plaintiff suffers from a seizure
2  disorder, and a herniated nucleus pulposus, but rejected
3  the -- any other disorders including alcohol abuse and
4  anxiety disorder as being sufficiently severe at step 2.  The
5  plaintiff -- the ALJ did notice, did note plaintiff's EEG
6  from December 15, 2009 and from April 2008 confirming the
7  existence of irregular activity, also from July 13, an EEG.
8          At step 3, the ALJ concluded that the plaintiff's
9  conditions were not sufficiently severe as to satisfy the
10 listed presumptively disabling conditions set forth in the
11 Commissioner's regulations, and specifically examined 11.02
12 and 11.03, as well as 1.04.
13         The ALJ then surveyed the available medical
14 evidence and concluded that the plaintiff retains the
15 residual functional capacity to perform sedentary work and
16 went through what sedentary work is, except that he cannot
17 operate hazardous equipment such as cutting tools or
18 machinery with unprotected moving parts, cannot drive for
19 business purposes, and cannot work at unprotected heights or
20 around water such as swimming pools, lakes, or rivers.  In
21 addition, he can only occasionally reach in all planes,
22 handle, finger, push/pull with either upper extremity/hand
23 and cannot operate foot controls with either lower extremity.
24         At step 4, applying that RFC, the ALJ concluded
25 plaintiff had no past relevant work.

1           At step 5, the administrative law judge concluded
2   that if the plaintiff was able to perform a full range of
3   sedentary work, a finding of no disability would be directed
4   by Medical Vocational Guideline Rule 201.24 but he concluded
5   that the additional limitations set forth in the RFC eroded
6   the job base on which the grids were predicated and therefore
7   elicited testimony of a vocational expert and concluded based
8   on that testimony that there were two positions that
9   plaintiff could perform, notwithstanding his limitations,
10  including as a surveillance system monitor and a call-out
11  operator, and concluded therefore that the plaintiff is not
12  disabled.
13          As you know, my task is limited to determining
14  whether correct legal principles were applied and substantial
15  evidence supports the determination.  The standard of review
16  is extremely limited, and deferential.
17          At step 2, the step 2 determination is intended to
18  eliminate only those limitations, those conditions that have
19  no more than a minimal effect on the ability to work.  It's
20  intended to screen out frankly only de minimus claims.  The
21  record in this case is replete with record entries that the
22  plaintiff suffers from anxiety and panic disorder.  It
23  appears to be linked in some way to his seizures.  As counsel
24  indicated, even the report of Dr. Long whose report was given
25  substantial -- considerable weight, I should say, by the

20

1  administrative law judge, suggests that the plaintiff,
2  plaintiff's ability to perform work activities is impaired by
3  the mental limitations.  At page 240, she states, "The
4  results of the present evaluation appear to be consistent
5  with psychiatric problems which may interfere with Mr. Webb's
6  ability to function on a regular basis."  She diagnosed him
7  as suffering from generalized anxiety disorder and panic
8  disorder without agoraphobia.
9       As I also indicated, the report from December 1,
10 2008 of P. Kudler, K-u-d-l-e-r, at 265, reflects that
11 claimant may have difficulties doing complex detailed tasks
12 due to anxiety.  He also states he has difficulty with crowds
13 of people and would probably work best in a low-contact
14 environment.
15      So these and the many other reports that speak to
16 the mental limitations satisfy me that it was error for the
17 administrative law judge not to include plaintiff's mental
18 conditions at step 2.  I also note that Dr. Moore at page 325
19 opines that plaintiff is only able to work a 20-hour workweek
20 with reasonable accommodations.  So I find that is error.
21      Dr. Russell indicated plaintiff cannot work due to
22 panic disorder and agoraphobia which is quite severe, that's
23 at 306, and assesses a GAF of 45.  GAF of 45 of course
24 indicates, among other things, serious impairment in social,
25 occupational, or school functioning.

21

1          This error is not harmless.  It's prejudicial
2    because it was not included in the RFC finding, and therefore
3    not included in the hypothetical that was given to the
4    vocational expert and which the step 5 determination is
5    predicated.
6          The RFC also again is infected, Dr. Russell
7    assigned that GAF of 45, there's another indication of a GAF
8    of 50.  Dr. Moore indicated plaintiff cannot function,
9    50 percent, that's at 325.  Dr. Aranda said he would be off
10   task more than 30 percent -- 33 percent of the time, that's
11   at 834.  The vocational expert testified that anything above
12   8 to 15 percent off task would not be acceptable.
13         It's clear also that the RFC does not fully take
14   into consideration the plaintiff's seizures, the extent of
15   the seizures, and his post-seizure symptoms and the effect it
16   would have on absenteeism.
17         With regard to medical opinions, again, all of the
18   people that examined, the professionals that examined and/or
19   treated plaintiff essentially said that he's unable to work.
20   Dr. Aranda, 835; Dr. Magurno, 330; Dr. Moore, 326;
21   Dr. Russell, 306.  And the ALJ relied on a nonexamining
22   individual, Dr. Devere, to counter that.  I understand that
23   the strict opinion about ability to work is a matter reserved
24   to the Commissioner, but if you read those opinions,
25   especially Dr. Aranda, the objective components of those

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1  clearly are inconsistent with the ability to perform
2  work-related functions.
3        I think also that Dr. Aranda's opinions were
4  entitled to controlling weight in that there's an
5  insufficient explanation for rejection, didn't take into
6  account the lengthy relationship, the treating relationship
7  between Dr. Aranda, the number of times that he treated.  The
8  opinion is supported by medical evidence and it's consistent
9  with other opinions including Dr. Kudler, Dr. Long,
10 Dr. Russell, and Dr. Moore.
11       So the step 5, I find that the step 5 determination
12 is infected by all of these errors.  I am going to grant
13 judgment on the pleadings to the plaintiff.  In this case,
14 particularly given the tortured history, the length of time
15 it's been pending, and the fact that I believe the record
16 convincingly establishes that the plaintiff is disabled, I am
17 going to remand with a directed finding of disability for the
18 purpose of calculating benefits.
19       Again, thank you both for excellent presentations,
20 I hope you have a good afternoon.  Go out and enjoy our nice
21 weather.
22             MR. GORTON:  Thank you your Honor.
23             MR. TAMASKAR:  Thank you, your Honor.
24                 (Proceedings Adjourned, 3:10 p.m.)
25

1    CERTIFICATE OF OFFICIAL REPORTER
2
3
4        I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                    Dated this 24th day of February, 2017.
17
18
19                    /S/ JODI L. HIBBARD
20                    JODI L. HIBBARD, RPR, CRR, CSR
                      Official U.S. Court Reporter
21
22
23
24
25